REQUESTED BY: Dear Senator:
You have asked us several questions with regard to the operation of the Nebraska State Patrol. We will answer those questions in the order in which you have asked them.
Your first question is: are civilian employees of the Nebraska State Patrol required to the bonded under section60-432. Section 60-432 provides:
 "The superintendent, also designated as colonel, shall, with the approval of the Governor, appoint such subordinate officers of the Nebraska State Patrol as lieutenant colonel, majors, captains, lieutenants, sergeants, corporals, patrolmen, and such other employees as may be necessary to carry out the provisions of this act. The salaries of all such appointees shall be fixed by the superintendent, with the approval of the Governor. All such appointees shall give bond in the penal sum of two thousand dollars for the faithful performance of their duties; and bonds shall be approved and filed in the same manner as bonds of other state officers. Premiums on all of such bonds shall be paid from the fund appropriated to the Nebraska State Patrol."
In reading this section it would seem clear that all employees of the patrol are required to be bonded, since the superintendent is authorized to appoint them with the approval of the Governor and they are appointees under the terms of this particular provision. The sentence which provides that all appointees shall give bond would appear to apply to civilian employees of the Nebraska State Patrol.
This provision has been in the statutes of the State of Nebraska since at least the 1943 revision of the statutes in its present form. During that entire period of time no civilian employee of the Nebraska State Patrol has been covered by an individual $2,000 bond. Under other provisions of the statute such employees are covered by a blanket bond covering all state employees in the penal sum of one million dollars. There is authority for such a blanket bond for state employees. See section 11-201, et seq.
It is clear then that the Nebraska State Patrol has taken the position that the only persons required to be bonded under section 60-432 are those persons who are actually commissioned as state deputy sheriffs and thus effectively are law enforcement officers within the State of Nebraska. This definition by the agency over an extended period of time excludes as a matter of course all persons who are not so commissioned. This would include legal counsel, secretaries, professional persons working in the state laboratory and other associated persons employed in any respect by the Nebraska Patrol but not commissioned as deputy state sheriffs.
While a strict reading of the statute would seem to indicate that this is not a proper result, the Nebraska Supreme Court has recognized in several cases that a construction placed on the statute which has prevailed over a long period of time and been recognized will not be disregarded. In Kennedy v. Royal Highlanders, 109 Neb. 24,189 N.W. 613, and State v. Sheldon, 79 Neb. 455,113 N.W. 208, the Nebraska Supreme Court has indicated that a construction placed upon a statute contemporaneously, uniformly and over a long period of time will generally be upheld. We believe that that is a situation that pertains in this particular instance at a minimum. The intent of this particular statute as we view it was that a penal bond be available for the faithful execution of the office of the state deputy sheriff commissioned as such under the authority of the state. The other bonding provisions of the statutes clearly encompass the idea that persons other than those specifically required to be bonded should be covered by a similar bond. Those individuals including members of the Nebraska State Patrol are covered under the Nebraska blanket bond, thus while strict compliance may arguably be absent, it is clear that employees are covered by a bond. It is also likely that should the issue ever arise, the courts would recognize the long continued construction of this statute as it regards noncommissioned employees of the Nebraska State Patrol.
Your second question is: does any other statutory authorization for hiring civilian employees exist? If so, are such employees exempted from the bonding requirements found in section 60-432. Section 81-101 provides that the civil administration of the laws is vested in the Governor who may execute those laws under the various departments of state government including the Department of Roads. The Nebraska State Patrol is under the Department of Roads. Section81-107, R.R.S. 1943, authorizes the Governor to appoint in each department deputies, assistants, employees and clerical help. The general power authorizes the employment of such persons as may be necessary to the functioning of the various departments. No specific bonding requirement is set forth within this statute, although under the general bonding provisions of Chapter 11 referred to above, a bond would undoubtedly be required of these individuals.
In your next question you ask whether an agreement signed by cooperating individuals employed by the Nebraska State Patrol has been approved by our office as to form and substance. Our office has not approved the agreement referred to above as to form or substance. Nor is the agreement referred to above one which is required by statute to be provided to our office for approval.
You have asked a following question which in general asks whether the particular agreement referred to above offers the state complete legal protection from suit or other legal actions arising out of:
a. Physical injury to a cooperating individual while on duty
b. Injury to persons or property due to negligence or illegal acts on the part of a cooperating individual while on duty, or
c. Tax liability of the state for wages paid to the cooperating individual while under state employment.
As an initial matter of course no agreement of any sort will ever protect any person or any entity from a suit or other legal action. A lawsuit may be filed for any reason or no reason. The question which must be addressed is whether or not under the particular facts of a particular lawsuit is there a complete defense to that lawsuit precluding the possibility of putting on any evidence. That question, of course, can only be answered in the context of a particular factual situation. As such, it would be impossible for us to tell you whether any physical injury might give rise to a cause of action against the state, either to a cooperating individual or to another person because of acts of a cooperating individual.
In the final part of your question, you ask whether or not the state is liable for withholding on wages paid to cooperating individuals while under employment by the state. As you are aware at this time, the Nebraska State Patrol has requested an advisory opinion from the Internal Revenue Service on this specific question. It is may understanding that you have received a copy of the letter requesting the opinion of the Internal Revenue Service dated January 17, 1978, from Steven J. Shaw, legal counsel for the Nebraska State Patrol, to the District Director of the Internal Revenue Service and the reply of the District Director dated January 26, 1978. That letter sets forth an official ruling on the part of the District Director of the Internal Revenue Service that Nebraska State Patrol cooperating individuals and informants are not employees for purposes of social security taxes under the Internal Revenue Code, unemployment taxes under the Internal Revenue Code or withholding taxes under the Internal Revenue Code. That, of course, is the office which is under law charged with making that determination. We fully concur in their determination in this regard.